1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GINER HORACIO CARAVEO GERONIMO,<br><br>　　　　　　　　　Defendant. | Case No. 19-mj-22907-RNB-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |

On July 23, 2019, Defendant pled guilty, without the benefit of a plea agreement, to attempted illegal entry into the United States in violation of Title 8 U.S.C. § 1325(a). (ECF No. 7.) He was immediately sentenced to time served. (*Id.*) He now appeals that conviction arguing: (1) "Streamline Court" violates equal protection and due process; (2) Section 1325 is facially unconstitutional in light of *United States v. Morales-Sanchez*, 137 S. Ct. 1678 (2017); (3) Section 1325 violates the non-delegation doctrine and should be declared void for vagueness; (4) the Complaint to which he pled guilty omitted essential elements; and (5) when the Magistrate Judge advised him of the elements of the offense, he omitted the requirement that the defendant knew he was an illegal alien at the time of his

1  attempted entry.  (ECF No. 16.)  The Government opposes.  (ECF No. 18.)  For the
2  reasons stated below, the Court **DENIES** the Appeal (ECF No. 10) and **AFFIRMS**
3  the conviction and sentence.

4  **I.    BACKGROUND**

5  Defendant was charged in a Complaint with attempted illegal entry in violation
6  of Title 8 U.S.C. § 1325(a).  (ECF No. 1.)  Specifically, the Complaint alleged that
7  Defendant was an alien who "attempted to enter the United States at a time and place
8  other than as designated by immigration officers."  (*Id.*)  The Complaint further
9  referenced an attached probable cause statement that alleged Defendant was found
10 lying next to a boulder approximately 24 miles east of the Tecate Port of Entry and
11 approximately 3 ½ miles north of the U.S./Mexico border.  (*Id.*)  When he was found
12 lying next to the rock, Defendant admitted he was a Mexican citizen, that he had no
13 immigration documents allowing him to remain in the United States legally and that
14 he was illegally present in the United States.  (*Id.*)

15 On July 23, 2019, Defendant pled guilty to this Complaint.  (ECF No. 16-1.)
16 The Magistrate Judge advised Defendant that the elements of the crime to which he
17 was pleading guilty were: (1) at the time Defendant attempted to enter the United
18 States, he was "not a natural born or naturalized citizen or a national of the United
19 States;" (2) "Defendant had the specific intent to enter the United States at a time and
20 place other than as designated by immigration officers;" (3) "Defendant also had the
21 specific intent to enter the United States free from official restraint, meaning the
22 Defendant intended to enter without being detected, apprehended or taken into
23 custody by Government authorities, so he could roam freely in the United States;"
24 and (4) Defendant took a substantial step toward committing the crime that "strongly
25 corroborated the Defendant's intent to commit the crime."  (*Id.* 11:6–21.)

26 Defense counsel objected arguing that there was an additional element that
27 required that the Defendant knew he was an alien at the time he attempted to enter
28 the United States.  (*Id.* 12:2–8.)   Although the Magistrate Judge overruled this

objection, when he was establishing the factual basis for Defendant's guilty plea, he specifically asked Defendant whether he knew, at the time he attempted to enter the United States, that he was not a citizen or national of the United States. Defendant agreed that he knew at the time of his attempted entry that he had no legal right to be in the United States. (*Id.* 16:2–3, 17:5–8.)

## II. LEGAL STANDARD

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B); *see also* 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* Defendant's appeal in this case was timely filed.

## III. ANALYSIS

### A. Defendant Waived His Right to Raise Constitutional Objections to "Operation Streamline"

Defendant argues that he was unconstitutionally treated differently that those prosecuted for petty offense through the Government's Central Violations Bureau. The Ninth Circuit soundly rejected this argument, following a similar guilty plea, in *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020) (providing an unconditional guilty plea constitutes a waiver of the right to appeal such constitutional issues). Since Defendant's guilty plea was unconditionally made, he waived the right to raise any objections to "Operation Streamline."

### B. *Morales-Santana* Does Not Render Section 1325 Unconstitutional

Defendant argues that *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. This Court agrees with those courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g.*, *United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the

Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*.").

This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

### C. The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers." Defense counsel argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal provision without providing the executive branch official with an intelligible principle to guide the official's discretion.

Congress may not delegate to another branch "powers which are strictly and exclusively legislative." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). However, Congress "may confer substantial discretion on executive agencies to implement and enforce laws." *Id*. The Supreme Court has acknowledged "that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Gundy*, 139 S. Ct. at 2123 (alterations in original) (quoting *Mistretta*, 488 U.S. at 372).

This Court agrees with *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), that "Defendant's non-delegation argument is based on

the flawed premise that any immigration officer can arbitrarily designate ports of entries." As explained in *Gonzalez-Pena*:

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry. *See United States v. Corrales-Vazquez*, 931 F.3d 944, 946 (9th Cir. 2019); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017). Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act. *See* 8 C.F.R. § 100.4(a). Ports of entry also necessarily include facilities, staffed by immigration officials that are set up to accept applications for admission. *Aldana*, 878 F.3d at 882. To interpret Section 1325(a) to permit a border patrol agent to designate a portion of the border fence "on a whim" is in direct conflict with Congress's clear statutory scheme.

*Id.* Therefore, this Court agrees that Section 1325 making it illegal for an individual to enter the United States other than a place designated by immigration officers does not violate the non-delegation doctrine.

Furthermore, the statute is not unconstitutionally vague. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits . . . . Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1973). In particular, a statute is vague if it "makes criminal activities which by modern standards are normally innocent," or if it sets a net so large that law enforcement is able to pick and choose who to arrest. *Papachristou*, 405 U.S. at 163.

Section 1325 provides adequate notice to people of reasonable intelligence as to what is prohibited. Individuals must enter the United States through a designated Port of Entry. Failure to do so by one who is not a citizen of the United States is a violation. There is no suggestion that the statute encourages or even allows arbitrary or discriminatory enforcement. Therefore, the argument that the statute is vague must fail.

### D. Defendant's Guilty Plea Waived Any Defect in the Complaint

Defense counsel argues that the Complaint is defective because it failed to allege that: (1) Defendant had the purpose, that is the conscious desire to enter the United States; (2) Defendant had the specific intent to enter the country free from official restraint; and (3) at the time of the attempted entry Defendant knew he was an alien. (ECF No. 16.) As a preliminary matter, the word "enter" means to be "free from official restraint." *See United States v. Lombera-Valdovinos*, 429 F.3d 927, 929 (9th Cir. 2005). Therefore, to the extent the Complaint alleged the Defendant "attempted to enter the United States," it also alleged that the Defendant attempted to enter the country free from official restraint.

Furthermore, defense counsel did not object to the charging document at the time of the guilty plea. "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Thus, any defects in the charging document cannot be raised after a guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The one exception to this rule is a defect that cannot be cured through a new indictment. *Class v. United States*, 138 S. Ct. 798, 801 (2018).

In this case, the alleged defects could easily have been cured by a new charging document. Defense counsel did not raise an objection to the Complaint at the time of the guilty plea. Therefore, the Defendant's guilty plea waives any alleged defects in the Complaint, and Defendant's appeal on this ground is denied.

### E. Knowledge of Alienage Is Not an Element of Section 1325

Defense counsel argues that the Magistrate Judge violated Rule 11 when omitting an element of Section 1325. According to defense counsel, the Magistrate Judge should have advised Defendant that an additional element was that the Defendant knew he was an alien at the time of entry. (ECF No. 16.) Interestingly, however, defense counsel fails to acknowledge that, at the time of the plea, Defendant specifically admitted that he did know he was an alien at the time he attempted to

enter the United States. The Magistrate Judge, although he disagreed that this was an element of the offense, in an abundance of caution, confirmed with the Defendant that he did have such knowledge at the time he entered.

Defense counsel also argues that the recent Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), required the Magistrate Judge to add an element of knowledge of alienage to the 1325 elements. *Rehaif* concerned the scope of the word "knowingly" in the context of a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2). Contrary to those statutes, Congress did not incorporate the word "knowingly" into Section 1325.

Furthermore, the Court in *Rehaif* was particularly concerned that failure to incorporate a scienter requirement would result in prosecution of innocent conduct. No such concern exists here. Defendant specifically admitted that he had the required knowledge. Therefore, there is no likelihood the Government was prosecuting innocent conduct.

Accordingly, *Rehaif* is distinguishable, and there is no requirement that the Government prove a defendant knew he was an alien at the time he attempted to enter the United States at a place not designated by immigration officers.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's appeal from the Magistrate Judge's decision (ECF No. 10) and **AFFIRMS** Defendant's conviction and sentence.

**IT IS SO ORDERED.**

**DATED: November 12, 2020**

Hon. Cynthia Bashant
United States District Judge

– 7 –                                          19mj22907